

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable L. C. Heard
County Auditor
Bell County
Belton, Texas

Dear Mr. Heard:

Opinion No. O-6217

Re: Sheriff's fees for transferring
an insane person from Bell County to
the hospital at Wichita Falls, Bell
County being in the Austin hospital
district, as created by the Board of
Control, under Article 3188, R. C. S.

Your request for an opinion from this department upon the above subject matter is as follows:

"Under instructions from the State Board of Control, the County Judge of Bell County is only authorized to commit in lunacy cases, after trial, to the asylum at Austin.

"In the case of Mary Love Moore, No. 1151, from Bell County was submitted to Austin, and I understand a separate request was made that the patient, by the parents, be admitted to the asylum at Wichita Falls and it is also my understanding that this latter request was granted, and from some source of information the Sheriff's department transferred the patient from Belton to Wichita Falls. I would also state that the patient was never carried to the asylum at Austin but remained in Bell County, awaiting a reply to the request that she be sent to Wichita Falls.

"Since Bell County is operating under the Salary system, and the sheriff is allowed mileage for the use of his cars, a statement was submitted to the Commissioner's Court for mileage for transferring patient from Belton to Wichita Falls among other items of mileage. The Court took exception

Honorable L. C. Heard - page 2

to the mileage and only paid the Sheriff's de-
partment mileage on the patient from Belton to
Austin and return and not to Wichita Falls.

"To this deduction the sheriff has taken
exception, and will you please advise me if it
is mandatory that the County pay the sheriff
the additional mileage made in taking patient
to Wichita Falls instead of to Austin?"

Article 3194 of the Revised Civil Statutes is as
follows:

"The expenses of conveying all public
patients to the asylum shall be borne by the
counties respectively from which they are
sent; and said counties shall pay the same
upon the sworn account of the officer or per-
son performing such service, showing in detail
the actual expenses incurred in the transpor-
tation. In case any public patient is possess-
ed of property sufficient for the purpose, or
any person legally liable for his support is so
possessed of property, the county paying the ex-
penses of such transportation shall be entitled
to reimbursement out of the estate of the luna-
tic or the property of the person legally liable
for his support, which may be recovered by the
county on suit brought therefor."

Article 3188 is as follows:

"The Board of Control shall divide the State
into hospital districts, may change the districts
from time to time, and shall designate the State
hospitals to which insane, epileptic and feeble-
minded persons from each district shall be admit-
ted and may transfer patients from one institu-
tion to another. All such persons within any such
districts committed, shall be committed to the
State hospital designated for that district, or to
the United States Veterans' Administration or such
other agency or department of the United States as
will accept such insane person for care or treat-
ment. The said State Board of Control shall also

59

have authority to transfer any legally committed patient from a State Hospital to the United States Veterans' Administration or any other agency or department of the United States as will accept such person of unsound mind for care or treatment, and in case such transfer is or shall be made, the commitment and transfer order shall constitute legal authority for the restraint of such patient by the United States Veterans' Administration or such other agency or department of the United States until the Court by which such patient was adjudged insane and committed shall order such patient released."

The Board of Control has duly divided the State into hospital districts, according to which division Bell County is in the Austin District No. 1.

Under the Article last above quoted, it was the duty of the committing judge in the case put by you to order the patient committed to the Austin rather than the Wichita Falls institution. His failure, however, to do this, and his order (as we understand from your letter) committing her to Wichita was not such an irregularity as to render the committment order void -- that is, it did not go to the jurisdiction of the court, but merely to the regularity of his proceedings. This irregularity or error cannot be attacked collaterally, but the order stands as a valid judgment of a court of competent jurisdiction.

It follows that the sheriff is entitled to compensation from the county for his services in transporting the patient to Wichita County.

Very truly yours

ATTORNEY GENERAL OF TEXAS

SEP 27 1944

ATTORNEY GENERAL OF TEXAS
OS-M

By

Ocie Speer
Assistant

APPROVED
OPINION
COMMITTEE